# UNITED STATES BANKRUPTCY COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In Re:<br>SHAUNA EIHLEEN SMITH,<br><br>                                            Debtor.<br><br>ALLIED PHYSICIANS GROUP, INC.;<br>D. JOE ROCKETT in his capacity as the Personal Representative of the Estate of David M. Rockett, Deceased;<br>LINDSEY W. ANDREWS; CLARK & ROCKETT, P.C.; ROCK PILE, L.L.C.; BRENT D. SIEMENS; and BRENT D. SIEMENS, INC.,<br><br>                                            Plaintiffs,<br><br>v.<br><br>SHAUNA EIHLEEN SMITH,<br><br>                                            Defendant. | Case No. 05-26930-NLJ<br>Chapter 13<br><br><br><br><br><br><br><br><br>ADV. PROC. NO. _____ |

## **COMPLAINT**

Allied Physicians Group, Inc., D. Joe Rockett in his capacity as the Personal Representative of the Estate of David M. Rockett, Deceased, Lindsey W. Andrews, Clark & Rockett, P.C., Rock Pile, L.L.C., Brent D. Siemens, and Brent D. Siemens, Inc. Plaintiffs herein, for their Complaint against the Defendant and Debtor herein, Shauna Eihleen Smith ("Smith"), alleges and states as follows:

1.      This is a core proceeding under which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2).

2.      The Defendant, Shauna E. Smith, ("Smith or Debtor") is the Debtor in this Chapter 13 proceeding.

3. The Plaintiff, Allied Physicians Group, Inc. ("Allied Physicians"), is a creditor who was listed on the Debtor's Schedules filed herein and is a named Defendant to that certain lawsuit filed in the United States District Court for the Western District of Oklahoma wherein the Debtor, Smith, is the Plaintiff and which is assigned case number CIV-06-492-M.

4. The Plaintiffs, D. Joe Rockett in his capacity as the Personal Representative of the Estate of David M. Rockett, Deceased, Lindsey W. Andrews, Clark & Rockett, P.C., Rock Pile, L.L.C., Brent D. Siemens, and Brent D. Siemens, Inc., are named Defendants to that certain lawsuit filed in the United States District Court for the Western District of Oklahoma wherein the Debtor, Smith, is the Plaintiff and which is assigned case number CIV-06-492-M.

5. This is an adversary proceeding to determine (1) whether sanctions are appropriate against the Defendant Smith for violating her duties as a Chapter 13 Debtor; (2) whether sanctions are appropriate against the Defendant Smith for failing to disclose in her bankruptcy schedules her federal lawsuit claims she has asserted in case number CIV-06-492-M; (3) whether sanctions are appropriate against the Defendant Smith for failing to disclose in her bankruptcy schedules her state court lawsuit against Allied Physicians in the District Court of Oklahoma County, case number CJ-2005-6720; and (4) whether Defendant Smith permanently lost possession of the causes of action she has asserted in case number CIV-06-492-M and case number CJ-2005-6720, pursuant to 11 U.S.C. § 554(d) and other applicable provisions of the Bankruptcy Code because she

failed to disclose said lawsuits and claims in her bankruptcy schedules or amend her schedules to disclose same.

6. Smith was originally sued by the Plaintiff herein, Allied Physicians, in the Oklahoma County District Court, case number CS-2004-2396, to recover the sum of $7,400.00 in unpaid medical bills (hereinafter the "State Court Collection Action").

7. David Montgomery Rockett was a partner in the Rockett Law Firm which served as counsel for Allied Physicians in the State Court Collection Action.

8. Lindsey W. Andrews was an associate attorney who worked with David Montgomery Rockett and who also appeared on behalf of Allied Physicians in the State Court Collection Action.

9. A default judgment was entered against Smith in the State Court Collection Action on April 29, 2004.

10. Post-judgment collection actions were commenced and an Order to Appear and Answer as to Assets was issued to and served upon Smith.

11. A Contempt Citation was issued for Smith's failure to appear in the State Court Collection Action.

12. On April 1, 2005, a civil Bench Warrant was issued by the state Court to Smith for her failure to appear as ordered.

13. Smith was arrested pursuant to the Bench Warrant by the Oklahoma County Sheriff on May 5, 2005.

14. Smith was arraigned on the Bench Warrant before the Oklahoma County District Court on May 5, 2005, and plead not guilty.

15. Contemporaneously with her arraignment on May 5, 2005, Smith obtained counsel, Garvin A. Isaacs and Nancy A. Zerr, who on behalf of Smith, filed eighteen (18) Motions in an attempt to vacate or set aside the State Court Collection Action judgment or which otherwise took issue with the State Court Collection Action proceedings.

16. Six months after her arrest, Smith filed for Chapter 13 bankruptcy protection in this Court on October 13, 2005, and her case was assigned number 05-26930-NLJ.

17. Smith filed her bankruptcy Schedules on October 28, 2005.

18. Smith signed her bankruptcy Petition and Schedules under penalty of perjury.

19. By signing her bankruptcy Petition and Schedules, Smith verified that she had read the Petition, Schedules, and Statement of Financial Affairs, and that the information contained therein was true and correct.

20. Smith's bankruptcy Schedule B failed to disclose any potential lawsuit or claims against the Plaintiffs herein, D. Joe Rockett in his capacity as the Personal Representative of the Estate of David M. Rockett, Deceased, Lindsey W. Andrews, Clark & Rockett, P.C., Rock Pile, L.L.C., Brent D. Siemens, and Brent D. Siemens, Inc., or Allied Physicians.

21. Smith's bankruptcy Schedule B states only:

> Potential right to recover from Unfair and/or deceptive acts or practices and/or fraud, to wit:  *Allied Physicians Group, Inc. v. Smith*, case no. CS-2004-2396, District Court of Oklahoma County, State of Oklahoma.  Attorney is Nancy A.

4

Zerr, Garvin A. Isaacs, Inc., 123 NW 8th Street, Oklahoma City, OK 73102.

22. Item number twenty (20) on Smith's bankruptcy Schedule B required she list all contingent and unliquidated claims of every nature, including counterclaims. Smith stated "None" in response to item number twenty (20).

23. Item number four (4) of Smith's Statement of Financial Affairs required Smith to list all suits and administrative proceedings to which the debtor is or was a party.

24. Smith did not disclose in item number four (4) of her Statement of Financial Affairs that at the time she filed for bankruptcy she was the Plaintiff in a lawsuit she filed on August 26, 2005, against Allied Physicians in the District Court of Oklahoma County, case number CJ-2005-6720.

25. Smith also did not disclose in item number twenty (20) of her bankruptcy Schedule B, her lawsuit, case number CJ-2005-6720, against Allied Physicians.

26. In Smith's lawsuit against Allied Physicians, case number CJ-2005-6720, she asked for monetary damages in excess of $10,000.

27. At no time did Smith amend her bankruptcy Petition or Schedules to include her lawsuit against Allied Physicians, case number CJ-2005-6720.

28. However, Smith's attorneys, Garvin Isaacs and Nancy Zerr, filed a Suggestion of Bankruptcy in Smith's lawsuit against Allied Physicians, case number CJ-2005-6720 on October 24, 2005.

29. Nearly six months after she filed for bankruptcy protection, and on May 4, 2006, Smith filed her federal lawsuit against the Plaintiffs herein in the United States District Court for the Western District of Oklahoma, case number CIV-06-492-M, hereinafter referred to as "Smith's Federal Lawsuit."

30. Smith's Federal Lawsuit asserts claims against the Plaintiffs herein for, among others, false arrest, negligent and/or intentional infliction of emotional distress, harassment, invasion of privacy, suing on an invalid debt, attempting to collect an invalid debt, abuse of process, negligence, intentional and malicious interference with Smith's Constitutional rights to liberty, fraud, breach of fiduciary relationship, and violations of the Fair Debt Collection Practices Act and seeks actual damages in excess of $100,000, statutory damages in excess of $100,000, and punitive damages in excess of $100,000.

31. At no time after filing she filed Federal Lawsuit against the Plaintiffs herein did Smith amend her Bankruptcy Schedules or her Statement of Financial Affairs to disclose her Federal Lawsuit and her numerous claims asserted therein as being an asset of her bankruptcy estate.

32. Instead, on May 19, 2006, Smith caused an Order to be filed dismissing her Chapter 13 bankruptcy case with prejudice.

33. Smith then proceeded to pursue Smith's Federal Lawsuit against the Plaintiffs herein.

34. Plaintiffs herein moved to dismiss Smith's Federal Lawsuit arguing, *inter alia*, that Smith lacked standing to bring the suit because her bankruptcy case was still pending when she filed the federal lawsuit.

35. Plaintiffs also argued in their Motion to Dismiss that Smith's failure to list her numerous claims in her bankruptcy Schedules resulted in her loss of the claims.

36. The Honorable Vicki Miles-LaGrange sustained the Plaintiffs Motion to Dismiss on the ground that Smith lacked standing and Smith appealed.

37. The Tenth Circuit Court of Appeals promulgated its Opinion on April 11, 2008, styled *Smith v. Rockett*, 522 F.3d 1080 (10th Cir. 2008) wherein it reversed and remanded the case back to the Honorable Vicki Miles-LaGrange for further proceedings consistent with the Tenth Circuit's mandate and Opinion.

38. The Tenth Circuit's Opinion finds and states:

> Plaintiff asserts that she first knew of the causes of action asserted in this complaint on May 5, 2005. Plaintiff filed her Chapter 13 bankruptcy petition on October 13, 2005, and she filed this civil complaint on May 4, 2006. On May 19, 2006, the bankruptcy court dismissed Plaintiff's bankruptcy case with prejudice. The district court dismissed the instant case for lack of standing on August 11, 2006. Plaintiff subsequently filed a motion to alter or amend judgment, which was denied by the district court on October 2, 2006. Plaintiff timely filed her notice of appeal on October 30, 2006.
>
> * * *
>
> Because the district court did not address any of the alternative grounds for dismissal asserted by Defendants, we decline to address those issues for the first time on appeal, leaving them for the district court to consider on remand.
>
> We note that Plaintiff's bankruptcy case was dismissed with prejudice approximately two weeks after she filed her complaint in this case. Defendants' argument that the dismissal of Plaintiff's bankruptcy case precludes any further bankruptcy proceedings may need to be addressed in the proceedings on remand, given our conclusion that Plaintiff had standing in her capacity as a Chapter 13 debtor rather than in her individual capacity. We conclude that it would be

7

> best to leave this argument to be considered in the first instance by the bankruptcy court, if necessary. *See In re Gorski,* 766 F.2d 723, 728 n. 4 (2d Cir.1985) (argument, raised for first time on appeal, that bankruptcy court would not have authority to reopen case dismissed based on debtor's noncompliance with plan "need not be answered here and may be pressed on remand"). If the district court decides that none of the alternative grounds for dismissal asserted by Defendants apply, the bankruptcy court should determine whether it would be permissible and appropriate to reopen Plaintiff's bankruptcy case. The bankruptcy court may also determine whether sanctions would be appropriate for Plaintiff's alleged failure to disclose these causes of action in her bankruptcy schedule. If the bankruptcy court concludes that the bankruptcy case should not be reopened, the district court should determine whether, as Defendants argue, Plaintiff permanently lost possession of these causes of action under 11 U.S.C. § 554(d) because she failed to properly list them in her bankruptcy schedule.
>
> We **REVERSE** and **REMAND.**
>
> *Smith v. Rockett*, 522 F.3d 1080, (10th Cir. 2008) (Emphasis added).

39. This Adversary action is in furtherance of the Tenth Circuit's Mandate and Judge Vicki Miles LaGrange's October order.

40. Following the guidelines set forth in the Tenth Circuit's Opinion, Judge Miles-LaGrange entered her own order on October 7, 2009, wherein she requested the bankruptcy court to review whether it is appropriate to reopen Smith's bankruptcy case. The order which was entered in Case No. CIV-05-492-M as document 131, is entitled "ORDER REQUESTING BANKRUPTCY COURT TO REVIEW WHETHER IT IS APPROPRIATE TO REOPEN BANKRUPTCY CASE" and reads as follows:

> On April 11, 2008, the United States Court of Appeals for the Tenth Circuit issued its decision reversing this Court's order

8

of dismissal and remanding the matter back to this Court. In its decision, the Tenth Circuit directed as follows:

> If the district court decides that none of the alternative grounds for dismissal asserted by Defendants apply, the bankruptcy court should determine whether it would be permissible and appropriate to reopen Plaintiff's bankruptcy case. The bankruptcy court may also determine whether sanctions would be appropriate for Plaintiff's alleged failure to disclose these causes of action in her bankruptcy schedule. If the bankruptcy court concludes that the bankruptcy case should not be reopened, the district court should determine whether, as Defendants argue, Plaintiff permanently lost possession of these causes of action under 11 U.S.C. § 554(d) because she failed to properly list them in her bankruptcy schedule.

*Smith v. Rockett*, 522 F.3d 1080, 1082 (10th Cir. 2008).

In an order dated September 29, 2009, this Court determined that none of the alternative grounds for dismissal asserted by defendants applied. Accordingly, pursuant to the Tenth Circuit's direction, the Court finds that the bankruptcy court must now determine whether it would be permissible and appropriate to reopen plaintiff's bankruptcy case, Bankruptcy No. 05-26930-NLJ, Shauna Eihleen Smith, debtor, and whether sanctions are appropriate. The Court, therefore, REQUESTS the bankruptcy court to review and determine whether it would be permissible and appropriate to reopen plaintiff's bankruptcy case and whether sanctions are appropriate.

IT IS SO ORDERED this 7th day of October, 2009.

41. The State Court Collection Action judgment was affirmed on appeal by the Oklahoma Court of Appeals and Smith's Petition for Certiorari was denied on March 1, 2010, appellate case number 106,251. Smith's appeal of the State Court Collection Action judgment is now final and concluded in favor of Allied Physicians.

9

42. Smith listed two creditors in her Schedules. They were Allied Physicians Group (Plaintiff herein) and Centex Home Equity, her mortgage company.

43. Prior to dismissing her bankruptcy, Smith successfully moved to avoid Allied Physicians' judgment lien on her homestead.

44. On information and belief, by avoiding Allied Physicians' judgment lien on her homestead through her bankruptcy, Smith was then able to sell her homestead free and clear of Allied Physicians' lien and receive the benefit of the remaining equity in her homestead property.

45. Smith obtained the benefit of filing for bankruptcy protection even though her bankruptcy case was dismissed.

46. Smith had a duty to truthfully and fully disclose all of her assets when she first filed her bankruptcy Petition and Schedules.

47. Smith had a duty to disclose her case against Allied Physicians, case number CJ-2005-6720 in her bankruptcy Schedules.

48. Smith had a continuing duty to amend her bankruptcy Petition and Schedules to reflect the claims asserted in Smith's Federal Lawsuit.

49. Smith violated her duty to truthfully and fully disclose all of her assets when she filed her bankruptcy Petition and Schedules without disclosing her case against Allied Physicians, case number CJ-2005-6720 and Smith's Federal Lawsuit claims.

50. Smith violated her duty to truthfully and fully disclose all of her assets when she failed to amend her bankruptcy Petition and Schedules to disclose the claims

asserted in Smith's Federal Lawsuit, and to disclose Smith's case against Allied Physicians, case number CJ-2005-6720.

51. Smith's bankruptcy Petition and Schedules constitute a false statement under oath by Smith.

52. Smith violated Bankruptcy Rule 1007 which requires she list all of her assets in her bankruptcy Schedules and pleadings.

53. Smith violated Bankruptcy Rule 1009(a) by not amending her bankruptcy Schedules to disclose Smith's Federal Lawsuit and Smith's case against Allied Physicians, case number CJ-2005-6720.

54. Smith violated 11 U.S.C. §521 by failing to disclose the claims asserted in Smith's Federal Lawsuit and by failing to disclose her case against Allied Physicians, case number CJ-2005-6720.

55. Smith violated 11 U.S.C. §554(d) and other provisions of the Bankruptcy Code by failing to disclose the claims asserted in Smith's Federal Lawsuit and by failing to disclose her case against Allied Physicians, case number CJ-2005-6720.

WHEREFORE, the Plaintiffs pray that the Court enter an Order in accordance with the Opinion of the Tenth Circuit Court of Appeals in *Smith v. Rockett*, 522 F.3d 1080 (10th Cir. 2008), and to further enter Judgment against Smith finding:

A. That the Defendant, Shauna E. Smith, violated her duties as a Debtor by failing to properly list and disclose Smith's Federal Lawsuit in her bankruptcy Petition and Schedules and by failing to list and disclose her lawsuit against Allied Physicians, case number CJ-2005-6720;

B.      That the Defendant, Shauna E. Smith, violated her duties as a Debtor by failing to amend her bankruptcy Petition and Schedules to include and disclose Smith's Federal Lawsuit and by failing to include and disclose Smith's lawsuit against Allied Physicians, case number CJ-2005-6720;

C.      Ordering that Smith should be sanctioned for failing to list and disclose Smith's Federal Lawsuit and for failing to list and disclose her lawsuit against Allied Physicians, case number CJ-2005-6720;

D.      Ordering that Smith has permanently lost possession of Smith's Federal Lawsuit claims and Smith's lawsuit claims against Allied Physicians, case number CJ-2005-6720, by virtue of her violating her duties as a Debtor and by virtue of her failing to list and disclose said claims;

E.      and granting the Plaintiffs such other and further relief as is just, including their reasonable attorneys' fees and costs of this action if allowed by law.

Respectfully submitted,

/s/ David A. Cheek
DAVID A. CHEEK, OBA #1638
dcheek@cheekfalcone.com
JEFF M. LOVE, OBA #16679
jlove@cheekfalcone.com
CHEEK & FALCONE, PLLC
6301 Waterford Boulevard, Suite 320
Oklahoma City, OK  73118-1168
Telephone:  (405) 286-9191
Facsimile:   (405) 286-9670
*Attorneys for D. Joe Rockett in his capacity as the Personal Representative of David M. Rockett, Deceased, Lindsey W. Andrews, Clark & Rockett, P.C., and Rock Pile, L.L.C.*

-AND-

/s/ James A. Slayton
JAMES A. SLAYTON, OBA #12168
slaytonlaw@aol.com
JAMES A. SLAYTON, P.C.
4808 Classen Blvd.
Oklahoma City, OK  73118
Telephone:  (405) 848-9898
Facsimile:   (405) 840-4808
*Attorney for Allied Physicians Group, Inc., Brent D. Siemens, and Brent D. Siemens, Inc.*

## **CERTIFICATE OF SERVICE**

   This is to certify that on the 22nd day of March, 2010, I electronically transmitted the above and foregoing instrument to the Clerk of Court using the ECF System for filing and transmittal to the following ECF registrants in this case:

| | |
|---|---|
| John T. Hardeman | Jerry D. Brown, Esq. |
| P.O. Box 1948 | 5500 N. Western, #150 |
| Oklahoma City, OK  73101 | Oklahoma City, OK  73118 |
| 13trustee@chp13okc.com | jdbrownpc@sbcglobal.net |
| | ***Attorney for Shauna Smith*** |

             /s/ David A. Cheek
             DAVID A. CHEEK

S:\10437.013\(21904)

B104 (form 104) (08/07)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS:** ALLIED PHYSICIANS GROUP, INC.; D. JOE ROCKETT in his capacity as the Personal Representative of the Estate of David M. Rockett, Deceased; LINDSEY W. ANDREWS; CLARK & ROCKETT, P.C.; ROCK PILE, L.L.C.; BRENT D. SIEMENS; and BRENT D. SIEMENS, INC. | **DEFENDANT:** SHAUNA EIHLEEN SMITH |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) David A. Cheek, OBA 1638 dcheek@cheekfalcone.com Jeff M. Love, OBA #16679 jlove@cheekfalcone.com Cheek & Falcone, PLLC 6301 Waterford Boulevard, Suite 320 Oklahoma City, OK 73118-1168 Telephone: (405) 286-9191 and James A. Slayton, OBA #12168 James A. Slayton, P.C. 4808 Classen Blvd. Oklahoma City, OK 73118 Telephone: (405) 848-9898 slaytonlaw@aol.com | **ATTORNEYS** (If Known) Jerry D. Brown 5500 N. Western # 150 Oklahoma City, OK 73118 Telephone: (405) 841-1000 jdbrownpc@sbcglobal.net |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin.<br>☒ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin.<br>☐ Creditor ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) Imposition of sanctions ||

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property – §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☒ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

B104 (form 104) (08/07) Page 2

| FRBP 7001(6) - Dischargeability | FRBP 7001(10) Determination of Removed Action |
|---|---|
| ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny | ☐ 01-Determination of removed claim or cause<br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| **(continued next column)** | |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand **in excess of $10,000.00** |

Other Relief Sought

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Shauna Eihleen Smith | BANKRUPTCY CASE NO. 05-26930-NLJ |||
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of Oklahoma | DIVISION OFFICE | | NAME OF JUDGE<br>Niles Jackson |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ David A. Cheek ||||
| DATE<br>March 22, 2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>David A. Cheek, OBA #1638 |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the Plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

S:\10437.013\(22037).DOC